1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO E. RICHEY-SMITH, | Case No. 15-cv-2889-BAS(DHB) |
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| CARL WARREN & COMPANY, *TPA for Metro Los Angeles*, | |
| Defendant. | |

On December 22, 2015, Plaintiff Margo E. Richey-Smith, proceeding *pro se*, filed a handwritten complaint against Defendant Carl Warren & Company, TPA for Metro Los Angeles, for alleged personal injuries arising from at least two separate bus rides.  According to the civil cover sheet accompanying the complaint, Plaintiff filed this action based upon federal-question jurisdiction under 28 U.S.C. 1337.

For the following reasons, the Court finds that Plaintiff's complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject matter jurisdiction.

15cv2889

## I.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). Alternatively, federal district courts also have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.    ANALYSIS

Plaintiff asserts a claim under the "Transportation Authority Tort Liability Claims Act" for "Public Transportation, Injury," and a claim for negligence.  Based on the Court's own research, it could not find the tort-claims statute, or a similar one, under federal law.  Furthermore, with respect to the claim brought under the tort-claims statute, Plaintiff cites to "818.2," "820.8," and "Gov. Tort Claims 985," all of which appear to be California statutes.  It appears even more probable that these are California statutes based on the document attached to the complaint where Defendant informed Plaintiff that her claim had been rejected.  That form references the California Government Tort Claims Act codified in the California Government Code §§ 900, *et. seq.*  Based on the Court's own research, it could not find the statute, or a similar one, under federal law.  Because none of the claims asserted arise from the Constitution, laws, or treaties of the United States, there is no federal question presented here.  *See* 28 U.S.C. § 1331.

Assessing jurisdiction under diversity produces the same result.  Though the complaint itself does not state the amount in controversy or citizenship of any of the parties, Plaintiff is associated with a Los Angeles, CA address on the claims-denial document attached to her complaint.  That information is consistent with the civil cover sheet, completed and executed by Plaintiff, which indicates that both Plaintiff and Defendant are citizens of California.  Consequently, there is no diversity of citizenship between the parties.  *See Tosco*, 236 F.3d at 499.

Upon reviewing the complaint, attachment, and civil cover sheet, the Court finds that it lacks subject matter jurisdiction because there is no federal question presented in this action.  *See* 28 U.S.C. § 1331.  Similarly, had Plaintiff attempted to invoke this Court's diversity jurisdiction, the Court would reach the same conclusion—that it lacks subject matter jurisdiction—because Plaintiff fails to demonstrate that she satisfies the complete-diversity-of-citizenship and amount-in-controversy requirements under 28 U.S.C. § 1332.  *See also Tosco*, 236 F.3d at 499.

1  **III.    CONCLUSION & ORDER**

2        Because Plaintiff does not assert a claim that presents a federal question as

3  required by 28 U.S.C. § 1331, and because she fails to allege facts necessary to

4  establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court

5  **DISMISSES WITHOUT PREJUDICE** this action in its entirety for lack of subject-

6  matter jurisdiction.  *See Tosco*, 236 F.3d at 499.   If Plaintiff can correct these

7  deficiencies in the complaint, including but not limited to explicitly identifying

8  specific federal statutes invoked, she may file an amended complaint no later than

9  **January 19, 2016**.  *See* 28 U.S.C. § 1653.

10        In light of the dismissal, the Court also **TERMINATES AS MOOT** Plaintiff's

11  motion for leave to proceed *in forma pauperis*.  (ECF No. 2.)

12        **IT IS SO ORDERED.**

13

14  **DATED:  December 28, 2015**

15                                                                          Hon. Cynthia Bashant
                                                                             United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

– 4 –                                    15cv2889